# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

Clerk, U.S. District Court
Southern District of Texas
FILED

JUN 1 2 2015

David J. Bradley, Clerk of Court

United States of America
v.

David Lee PAINTER Jr.

Defendant(s)

Case No. C-15-744 M

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  6/11/2015  in the county of  Brooks  in the Southern District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 841(a)(1) | Knowingly, Intentionally and unlawfully possess with Intent to distribute a Controlled Substance in Schedule II of the Controlled Substance Act of 1970, to wit: 2.34 Kilograms, approximate gross weight, of Cocaine |

This criminal complaint is based on these facts:

SEE ATTACHMENT "A"

☑ Continued on the attached sheet.

*Complainant's signature*

Mark Flores, Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/12/2015

*Judge's signature*

City and state: Corpus Christi, Texas

Jason B. Libby, US Magistrate Judge
*Printed name and title*

'ATTACHMENT A'

On June 11, 2015, at the United States Border Patrol Checkpoint south of Falfurrias, Texas, at approximately 1:05am, a Greyhound bus parked in the secondary inspection area for an immigration inspection of the passengers onboard the bus. As BP Agents were conducting immigration inspection of the passengers, BP Agent Ricardo Estrada approached David Lee PAINTER Jr. Agent Estrada asked PAINTER for his citizenship. PAINTER stated that he was a United States Citizen. As BPA Estrada was speaking to PAINTER, Agent Estrada noticed him gently kicking a black backpack under his seat. PAINTER appeared nervous and avoided eye contact. PAINTER was avoiding Agent Estrada's line of questioning and was taking longer than usual to answer Agent Estrada's questions. PAINTER was receiving a phone call from a contact in his cellular phone listed as"David2" as questions were asked to him. Agent Estrada asked PAINTER if the black back pack under his seat was his and PAINTER stated "Yes." Agent Estrada then asked PAINTER for consent to search his backpack and PAINTER stated "Yes." PAINTER then lifted his backpack from under the seat and placed it on his lap. PAINTER unzipped his backpack and began nervously moving his clothing with his hand. Agent Estrada then asked PAINTER again for consent to search his backpack and he once again stated "Yes." Agent Estrada then physically searched the backpack and felt two hard bundles at the bottom of the backpack. Due to the agent's prior experience, Agent Estrada felt that the bundles were narcotics. PAINTER was then asked to step off the bus in order to conduct a further investigation.

As PAINTER stepped off the bus Agent Estrada asked him what the two hard bundles in the backpack were. PAINTER stated that the two bundles were 2 kilograms of cocaine. At that point PAINTER was placed under arrest and escorted into the USBP Checkpoint for further processing.

Once inside the checkpoint PAINTER was patted down. Agent Estrada located (3) small zip lock baggies of cocaine inside the small, front pocket of his pants.

Border Patrol Agent Estrada provided PAINTER his rights in his preferred language of English as per Service form I-214 as witnessed by Supervisory Border Patrol Agent G. Mercado. PAINTER verbally stated that he understood his rights and signed Service form I-214 accordingly as witnessed by SBPA G. Mercado. PAINTER stated that he was willing to make statements without a lawyer present.

In a post Miranda statement, PAINTER stated that he transports cocaine twice a week traveling in a bus through the USBP Checkpoint Falfurrias, Texas. PAINTER stated that he has been transporting cocaine for several months. PAINTER stated that he transports cocaine for a man he does auto mechanic work in Austin, Texas. PAINTER stated that he took a bus early Wednesday morning from Austin, Texas to McAllen, Texas. PAINTER stated that once he arrived to McAllen, Texas, he booked a room at the La Quinta Inn hotel in McAllen, Texas. PAINTER also stated that his supplier arrived at his hotel room later that evening and supplied him with the two bundles of cocaine along with the three zip lock baggies. PAINTER stated he then put the two bundles of cocaine in a black backpack and put his clothing over it to conceal it. PAINTER stated that he was going to transport the cocaine to Austin, Texas. PAINTER stated that once he arrives in Austin, Texas with the cocaine, he gets paid $1,500.00 (USD).

The 2 bundles of cocaine were wrapped in black tape. The bundles had a gross estimated weight of 2.34 Kilograms. The 3 small clear baggies of cocaine had a gross estimated weight of .14 grams. PAINTER also had 1 small empty clear baggie on his person.

The cocaine was tested from the bundles and baggies. Both tested positive for cocaine contents.

Federal prosecution was accepted by Assistant United States Attorney Julie Hampton. David Lee PAINTER was arrested by Drug Enforcement Administration (DEA) and transported to the Coastal Bend Detention center in Robstown, Texas, for processing and detention.